STATE OF NEW JERSEY, PLAINTIFF-APPELLANT, v. JAMES MULLEN *ET ALS.*, (INDICTMENT NO. SGJ17–73–3A) DEFENDANTS-RESPONDENTS, CARL FLORKOW-SKI *ET ALS.*, (INDICTMENT NO. SGJ17–73–3B) DEFEND-ANTS-RESPONDENTS, GEORGE FOGNANO, (INDICT-MENT NO. SGJ17–73–3C) DEFENDANT-RESPONDENT, ARTHUR HAINES, (INDICTMENT NO. SGJ17–73–6) DE-FENDANT-RESPONDENT.

Superior Court of New Jersey
Appellate Division

Argued January 8, 1974—Decided January 18, 1974.

Before Judges KOLOVSKY, FRITZ and CRANE.

*Mr. L. Steven Pessin,* Deputy Attorney General, argued the cause for plaintiff-appellant (*Mr. George F. Kugler, Jr.,* Attorney General, attorney).

*Mr. Marvin D. Perskie* argued the cause for defendants Schultz, Elwood, O'Brien, Mullen, Headley, Masland and Shepperson (*Messrs. Perskie & Callinan,* attorneys).

*Mr. Patrick T. McGahn, Jr.* argued the cause for defendants Finegan, Tomasini, Santoro, Horner and Demones, Lynch, McIntyre (*Messrs. McGahn & Friss,* attorneys).

*Mr. Harry A. Goldenberg* argued the cause for defendants Goff, Jones and Kolen (*Messrs. Goldenberg & Mackler,* attorneys).

*Mr. F. Frederick Perone* argued the cause for defendants Collette, Calabrese, Carl Florowski, Maxwell and Peterson.

*Mr. Harold C. White* argued the cause for defendants Fognano, Nicastro, Rowan, Mazur, Jacoby and Masland.

*Mr. Steven W. Smoger* argued the cause for defendants Anderson and Bloomberg (*Messrs. Feinberg & Ginsburg,* attorneys).

*Messrs. Gibson, Previti and Todd* argued the cause for defendant Duffield.

Per Curiam. The indictments in the above matters were returned by a state grand jury (see the State Grand Jury Act, *N. J. S. A.* 2A:73A–1 *et seq.*) to Judge Schoch, the assignment judge theretofore designated by the Chief Justice pursuant to *N. J. S. A.* 2A:73A–2 to act as the assignment judge thereunder. Pursuant to *N. J. S. A.* 2A:73A–8 Judge Schoch thereupon entered an order designating Ocean County as the county of venue for the purpose of trial.

Defendants, contending that the cases should be tried in Atlantic County rather than in Ocean County, moved for a change of venue. However, their applications were made not to Judge Schoch but to the assignment judge of Ocean County. The latter judge rejected the State's contention that he had no power to act and that defendants' applications should have been made to Judge Schoch and, after argument, entered an order changing venue from Ocean County to Atlantic County.

The State than moved for leave to appeal from that order. We directed that oral argument be had on the motion, advising the parties that we would at the same time hear argument on the merits of the appeal so that, if we decided to grant leave to appeal, we would at the same time decide the appeal. See *R.* 2:11–2.

Leave to appeal has been granted and we now proceed to decide the appeal. We reverse the order appealed from because we are satisfied that the assignment judge of Ocean County had no power to entertain defendants' motions for

change of venue. We therefore do not reach or pass on the merits of defendants' contention that venue should be in Atlantic and not in Ocean County.

There is no doubt that defendants, who had no opportunity to contest the designation of Ocean County as the county of venue before the order so providing was entered by Judge Schoch, have the right to seek to have "the question of venue [decided] anew." *State v. Zicarelli,* 122 *N. J. Super.* 225, 232 (App. Div. 1973), *certif.* den., 63 *N. J.* 252, *cert.* den., 414 *U. S.* 875, 94 *S. Ct.* 71, 38 *L. Ed.* 2d 120 (Oct. 9, 1973).

However, by the express terms of the statute and the evident legislative purpose, that decision is one to be made by the judge designated to act as assignment judge under the State Grand Jury Act, here Judge Schoch; it cannot and should not have been made by another assignment judge, as here, the assignment judge of Ocean County

Defendants purport to find authority for their applications to the assignment judge of Ocean County in *R.* 3:14–2. They are mistaken. That rule applies only to indictments returned by a county grand jury. With respect to such indictments it authorizes a defendant to apply "to the Assignment Judge of the county in which the indictment was found" for a change of venue. Here, however, the indictments were not found in Ocean County.

They were found by a state grand jury which has "jurisdiction extending throughout the State, * * * [one] impaneled by an assignment judge of the superior court designated for this purpose by the Chief Justice." *N. J. S. A.* 2A:73A–2. That assignment judge has "judicial supervision of the State grand jury" and it is to him that "all indictments, presentments and formal returns of any kind made by such grand jury" are returned. *N. J. S. A.* 2A:73A–6.

Further by the express provisions of *N. J. S. A.* 2A:73A–8:

Any indictment or presentment by a State grand jury shall be returned to the assignment judge without designation of venue. Thereupon, the judge shall, by order, designate the county of venue for the purpose of trial. The judge may, by order, direct the consolidation of

an indictment returned by a county grand jury with an indictment returned by a State grand jury and fix venue for trial.

Contrary to what defendants suggest, the exclusive authority to designate venue vested by the statute in the state grand jury assignment judge is not limited to his original designation of the county of venue. That exclusivity extends to any order designating or changing the designation of the county of venue for the purpose of trial. The statute even provides for such exclusive power in that assignment judge where a consolidated trial is to be had of "an indictment returned by a county grand jury with an indictment returned by a State grand jury." *N. J. S. A.* 2A:73A–8.

The order changing venue is reversed without prejudice to defendants making an application to Judge Schoch to change the venue from Ocean County to Atlantic County.